16

FILED

AUG 10 2009

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

1    **UNITED STATES BANKRUPTCY COURT**

2    **EASTERN DISTRICT OF CALIFORNIA**

3

4    In re:                          )
                                     )
5    LINDA LAVAIN PRICE,             )    Bk. No.    08-21674-C-7
                                     )
6              Debtor.               )    Adv. No.   08-02268-C ✓
                                     )
7    _____)
                                     )
8    GARY KNUTSON,                   )
                                     )
9              Plaintiff,            )
                                     )
10   v.                              )    **OPINION**
                                     )
11   LINDA LAVAIN PRICE,             )
                                     )
12             Defendant.            )
     _____)
13

14

15              Before: Christopher M. Klein
                United States Bankruptcy Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

39

KLEIN, Bankruptcy Judge:

The appellant asks that the United States pay the cost of preparing the trial transcript for her appeal from this court's judgment awarding the appellee $60,000 and excepting the debt from appellant's discharge on the basis of fraud.

The Bankruptcy Appellate Panel invited this trial court's attention to the request because Judicial Code § 753(f) limits use of public funds to pay for transcripts in civil appeals by "persons permitted to appeal in forma pauperis" to appeals where the trial judge or a circuit judge determines that the appeal is "not frivolous (but presents a substantial question)."  28 U.S.C. § 753(f).  As this necessarily implicates the in forma pauperis statute, it is also appropriate to consider whether to exercise the trial court's right to certify that an in forma pauperis appeal is "not taken in good faith."  28 U.S.C. § 1915(a)(3).

Although this appeal is "not frivolous" and should not be branded as "not taken in good faith," it does not present a "substantial question" within the meaning of 28 U.S.C. § 753(f). Hence, a transcript at public expense is not warranted.

The decision is published to illuminate the obscure but pesky bankruptcy complications to the judicial administration of 28 U.S.C. §§ 753(f) and 1915(a).


FACTS

Gary Knutson prosecuted an adversary proceeding against debtor Linda Lavain Price, who as a licensed California real

estate broker acted as the responsible broker for two separate businesses, seeking $75,000 in damages to be excepted from discharge under 11 U.S.C. §§ 523(a)(2), (a)(4), and (a)(6).

Ms. Price has represented herself throughout discovery, trial, and post-trial activity.  While not a lawyer, she has been a conscientious and articulate self-represented party.

Trial was held before the undersigned on March 6, 2009, at the conclusion of which findings of fact and conclusions of law were made orally on the record.  The judgment awarding $60,000 in damages and excepting that debt from discharge under § 523(a)(2) only was entered on docket March 9.  Costs were later awarded pursuant to Federal Rule of Bankruptcy Procedure 7054(b).

Ms. Price filed a motion for reconsideration on March 16 that was treated as a motion for new trial or to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59, as incorporated by Federal Rule of Bankruptcy Procedure 9023.  That motion was denied by order entered on docket March 31, and was followed by her notice of appeal filed April 6 and referred to the BAP.  She paid the $255 appeal filing fee on May 19.

Ms. Price responded to the bankruptcy clerk's Notice of Incomplete or Delayed Record issued May 27 by filing on June 9 a package of papers that was handled as a single document.  The package included a "Statement of Issues" and a copy of a letter addressed to an individual deputy BAP clerk requesting a transcript fee waiver and an extension of time.  The letter contained the following relevant statement:

3

1    With my limited income and with the Plaintiff's request for
me to pay other court fees, I do not possess the ability to
2    pay for the transcript.  As such I am requesting that the
Court waive the transcript fees as the transcript is
3    necessary for me to defend [sic] my appeal.

4    Since transcript expenses are ineligible for fee waiver

5    because court reporters must be paid for transcription, this

6    letter is construed as a Motion for Certification Pursuant to 28

7    U.S.C. § 753(f) asking the trial judge to rule so as to satisfy

8    prerequisites to spending taxpayer funds on a transcript to

9    support Ms. Price's appeal.  The record is such that the motion

10   is appropriate for decision without a hearing.

11

12                           JURISDICTION

13   Subject-matter jurisdiction is founded upon 28 U.S.C.

14   § 1334(b) over this core proceeding per 28 U.S.C. § 157(b)(2)(I).

15   As will be explained, determinations under 28 U.S.C. §§ 753(f)

16   and 1915(a)(3) may be made by a trial court during the pendency

17   of an appeal as an exception to the judge-made doctrine of

18   exclusive appellate jurisdiction.

19

20                           DISCUSSION

21   The roles of trial and appellate courts overlap on matters

22   of requests for appellate in forma pauperis status and public

23   funding of transcripts.  This overlap has implications for this

24   court's authority to act on the appellant's request, which will

25   be addressed before turning to the specific questions allocated

26   to trial courts by 28 U.S.C. §§ 753(f) and 1915(a)(3).

27

28                               4

I

The respective jurisdictions of the bankruptcy court and the BAP (or district court) during pendency of an appeal from a final judgment deserve clarification.

The doctrine of exclusive appellate jurisdiction under which a timely notice of appeal from a final order immediately transfers jurisdiction to the appellate court is a judge-made doctrine designed to promote judicial economy and to minimize the dysfunction that could ensue if two courts in the same hierarchy try to deal with the same matter at the same time. Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982); Marino v. Classic Car Refinishing, Inc. (In re Marino), 234 B.R. 767, 769 (9th Cir. BAP 1999); 20 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 303.32[1] (3d ed. 2009); 16A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3949.1 (4th ed. 2008) ("WRIGHT & MILLER").

The trial court cannot take actions "over those aspects of the case involved in the appeal." Griggs, 459 U.S. at 58. By this, it is meant that the trial court cannot alter the status quo by, for example, entering an order that supplements the order on appeal. McClatchy Newspapers v. Cent. Valley Typographical Union, 686 F.2d 731, 734-35 (9th Cir. 1982); Hill & Sandford, LLP v. Mirzai (In re Mirzai), 236 B.R. 8, 10 (9th Cir. BAP 1999).

Exclusive appellate jurisdiction is not, however, absolute. Rains v. Flinn (In re Rains), 428 F.3d 893, 903-04 (9th Cir. 2005); WRIGHT & MILLER § 3949.1. The trial court can enforce an appealed judgment that has not been stayed, the rationale being

5

that "mere pendency of an appeal does not, in itself, disturb the finality of a judgment." Wedbush, Noble, Cooke, Inc. v. SEC, 714 F.2d 923, 924 (9th Cir. 1983); Mirzai, 236 B.R. at 10.

The trial court can also correct clerical errors, issue injunctions that maintain the status quo, take steps that aid in the appeal, award attorney's fees, impose sanctions, and proceed with matters not involved in the appeal. Mirzai, 236 B.R. at 10 (collecting authorities). The trial court may not, however, alter or expand the judgment. Rains, 428 F.3d at 904.[1]

The determinations contemplated by Judicial Code §§ 753(f) and 1915(a)(3) regarding frivolity, substantiality of the question, and good faith of an appeal that Congress has allocated to trial courts qualify as steps that aid in the appeal. Such determinations do not offend the regime of exclusive appellate jurisdiction. Hence, this trial court retains jurisdiction to make those determinations even after the filing by Ms. Price of a notice of appeal from the final judgment against her.

It is in that context that the BAP's order of "limited remand" issued July 28, 2009, should be construed. Ordinarily, such remands are essential for jurisdictional reasons when something affecting the status quo of an appeal — e.g., a

---

[1]In contrast, a notice of appeal from an order that is not final does not trigger exclusive appellate jurisdiction. Appeals from interlocutory orders ordinarily require a grant of leave to appeal. E.g., 28 U.S.C. § 158(a)(3); Fed. R. Bankr. P. 8003. Until leave to appeal is granted, the trial court has authority to proceed in any manner and may change the judgment or order. Rains, 428 F.3d at 903-04; 16A WRIGHT & MILLER § 3949.1; cf. Fed. R. Civ. P. 54(b), incorporated by Fed. R. Bankr. P. 7054.

settlement requiring scrutiny under Federal Rule of Bankruptcy Procedure 9019 or a suggestion by the trial court that it would revise its order so as to moot the appeal if only it had jurisdiction — is referred back to the trial court.

Where, as in the instance of § 753(f) determinations, the trial court retains jurisdiction during the appeal, a "limited remand" order from BAP serves two purposes.  First, it clarifies the effect of an obscure doctrine of uncertain parameters, dissipating any cloud on trial-court jurisdiction.  Second, even though not necessarily conferring jurisdiction, it communicates to the trial court a need to act within its jurisdiction.

This instance provides an example of the utility of the communication facet of BAP "limited remand" orders:  Ms. Price's letter addressed to the BAP requesting a taxpayer-funded transcript was not presented to the bankruptcy court in a manner that would place the question before the judge.  The undersigned judge was unaware of unfinished trial-court business until the BAP's "limited remand" order prompted a search of court files.

The BAP's "limited remand" order noted that Ms. Price was asking for a transcript at government expense, noted the provision in § 753(f) regarding determination by the trial judge, noted that there is authority from another circuit authorizing paying for a transcript on a theory of "partial in forma pauperis" after an appellant has paid the filing fee, ordered a "limited remand" that operated to invite this trial judge to determine whether a § 753(f) certification is appropriate, and

required appellant to respond by August 27, 2009, with a report
of what has transpired.

Since in forma pauperis status under § 1915(a) has not yet
been granted, and since bankruptcy courts in this circuit lack
authority to grant such status, the certification question is
being considered on the assumption that such status would
eventually be granted by an Article III judge.

That eventual need provides another reason for taking the
trouble to be precise that this court's authority is defined by
the exceptions to the doctrine of exclusive appellate
jurisdiction and, in this instance, not by the BAP's "limited
remand" order.  The grant of in forma pauperis status under
§ 1915(a) is an essential element to qualifying for payment by
the United States for transcripts for the appeal.[2]

The BAP's order does not purport to contemplate that this
court also consider whether to make the certification regarding
"good faith" that Congress allocated to the trial court in
§ 1915(a)(3).  Since in forma pauperis status would necessarily
have to be considered in the event that § 753(f) certification
were to be made, it is appropriate for this court to proceed to
consider the certification issue under § 1915(a)(3).  The key

---

[2]For this reason, the clerk of court, who is personally
liable to the United States for incorrect expenditures of public
funds, advises that the relevant terms of § 753(f) would cause
him not to order a transcript for a civil appeal without both a
§ 753(f) certification and a § 1915(a) in forma pauperis appeal
authorization.  28 U.S.C. § 753(f) ("Fees for transcripts
furnished in other proceedings to persons permitted to appeal in
forma pauperis shall also be paid by the United States if the
trial judge or a circuit judge certifies ...").

8

point is that no remand from BAP is needed before the bankruptcy
court can make a § 1915(a)(3) certification.

II

The Ninth Circuit holds that bankruptcy judges cannot grant
in forma pauperis status under 28 U.S.C. § 1915(a).  <u>Perroton v.
Gray (In re Perroton)</u>, 958 F.2d 889, 896 (9th Cir. 1992).

The logic is as follows.  First, Judicial Code § 451
contains a definition of "court of the United States" that does
not include bankruptcy judges, who serve for a fourteen-year term
rather than during good behavior.  28 U.S.C. § 451.[3]  Then,
Judicial Code § 1915(a)(1) authorizes "any court of the United
States" to authorize in forma pauperis status.  28 U.S.C.
§ 1915(a)(1).[4]  A bankruptcy court is not a "court of the United

---

[3]The relevant definition is:

§ 451.  Definitions
As used in this title [28]:
    The term "court of the United States" includes the
Supreme Court of the United States, courts of appeals,
district courts constituted by chapter 5 of this title,
including the Court of International Trade and any court
created by Act of Congress the judges of which are entitled
to hold office during good behavior.

28 U.S.C. § 451 (six definitions omitted).

[4]The statute, which is garbled, provides:

§ 1915. Proceedings in forma pauperis
    (a)(1) Subject to subsection (b) any court of the
United States may authorize the commencement, prosecution or
defense of any suit, action or proceeding, civil or
criminal, or appeal therein, without prepayment of fees or
security therefor, by a person who submits an affidavit that

9

States."  Ergo, a bankruptcy judge cannot exercise § 1915(a)(1)

authority.  <u>Perroton</u>, 958 F.2d at 896.

The BAP and other courts have extended this logic to

Judicial Code § 1927, which authorizes sanctions against persons

admitted to conduct cases in any "court of the United States" who

unreasonably and vexatiously multiply proceedings.  28 U.S.C.

§ 1927;[5] <u>e.g.</u>, <u>Determan v. Sandoval (In re Sandoval)</u>, 186 B.R.

490, 495-96 (9th Cir. BAP 1995).

To be sure, a conflict among the circuits regarding the

relation of bankruptcy courts to the § 451 definition of "court

of the United States" suggests that the logic is not bulletproof.

The Third Circuit has held that a bankruptcy court comes within

the scope of 28 U.S.C. § 451 "court of the United States"

authority in its capacity as a "unit" of the district court

exercising delegated authority from the district court "to hear

---

includes a statement of all assets such prisoner [sic]
possesses that the person is unable to pay such fees or give
security therefor.  Such affidavit shall state the nature of
the action, defense or appeal and affiant's belief that the
person is entitled to redress.

28 U.S.C. § 1915(a)(1).

[5]The statute provides:

§ 1927.  Counsel's liability for excessive costs
    Any attorney or other person admitted to conduct cases
in any court of the United States or any Territory thereof
who so multiplies the proceedings in any case unreasonably
and vexatiously may be required by the court to satisfy
personally the excess costs, expenses, and attorneys' fees
reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Title 11 cases as well as 'any and all proceedings' necessary to hear and decide those cases." <u>In re Schaefer Salt Recovery, Inc.</u>, 542 F.3d 90, 105 (3d Cir. 2008); <u>see also</u> <u>Chase v. Kosmala (In re Loyd)</u>, 304 B.R. 372, 374 (9th Cir. BAP 2003) (dissent). For the moment, however, the Ninth Circuit position is fixed.

Even though a bankruptcy judge in this circuit cannot authorize in forma pauperis status, the bankruptcy judge still has an assigned role to play in in forma pauperis appeals. Specifically, an appeal may not be taken in forma pauperis if the "trial court," which may be a bankruptcy court, certifies in writing that the appeal is not taken in good faith:

> (a)(3) An appeal may not be taken in forma pauperis if the <u>trial court</u> certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(3) (emphasis supplied).

This separation of the authority to make the "not taken in good faith" certification from the authority to grant in forma pauperis status in appeals from bankruptcy courts creates a communication issue between the judges involved. As a matter of practical judicial administrative procedure, the Article III judge presented with an in forma pauperis request will want to know whether the bankruptcy trial judge has made, or intends to make, a trial court's § 1915(a)(3) certification. As a negative report would obviate further inquiry, there is also utility in the bankruptcy court ruling that the circumstances do not warrant a "not taken in good faith" certification.

Thus, it is now timely to opine on the § 1915(a)(3) question

11

because an Article III judge may eventually face an in forma pauperis request in this appeal. Among other possibilities, § 753(f) permits a circuit judge to countermand the trial judge's conclusion that there is not a "substantial question" presented by this appeal. If that were to occur, then it would be necessary to authorize in forma pauperis status before spending funds of the United States on a transcript.

Nor is there doubt about this court's authority. The § 1915(a)(3) determination remains within the jurisdiction of the trial court after the filing of the appeal as a step that aids in the appeal. E.g. Rains, 428 F.3d at 904.

In this appeal, the court is persuaded that Ms. Price believes in good faith that an incorrect result was achieved at trial and concludes that there is no lack of good faith in her taking this appeal as of right. Accordingly, there will be no certification that the appeal "is not taken in good faith." Hence, § 1915(a)(3) will not constitute a barrier to an eventual grant of in forma pauperis status, if otherwise appropriate.

III

A certification pursuant to the penultimate sentence of 28 U.S.C. § 753(f)[6] requires that the trial judge determine that the

---

[6]The penultimate sentence of § 753(f) provides:

§ 753.  Reporters
    (f) ... Fees for transcripts furnished in other [i.e. not criminal and not habeas corpus] proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge

12

appeal by a person "permitted to appeal in forma pauperis" "is not frivolous" and that it "presents a substantial question." These latter two elements are separate, and an order directing the United States to pay for a transcript necessarily entails a favorable determination on each element. <u>Henderson v. United States</u>, 734 F.2d 483, 484 (9th Cir. 1984).

These two determinations are matters of judicial discretion. <u>Thomas v. Computax Corp.</u>, 631 F.2d 139, 143 (9th Cir. 1980) ("the Court's discretion"). When a bankruptcy judge is the trial judge, the determination is to be made by the bankruptcy judge. <u>Allen v. W. Sierra Bank (In re Allen)</u>, 2009 WL 1187957, at *4 (Bankr. D. Id. 2009).

Although the trial judge makes an independent determination in the exercise of judicial discretion, the § 753(f) burden ultimately is on the appellant to persuade the trial judge and, if necessary, a circuit judge. <u>Jaffe v. United States</u>, 246 F.2d 760, 761-62 (2d Cir. 1957) (L. Hand, J.); <u>Sharpe v. Ogar</u>, 2008 WL 5000155, at *1 (D. Ariz. 2008).


A

As to the initial determination regarding frivolity, there is little difficulty. A judgment imposing a $60,000 liability and excepting that liability from discharge on a theory of fraud

---

certifies that the appeal is not frivolous (but presents a
substantial question). . . .

28 U.S.C. § 753(f).

13

pursuant to 11 U.S.C. § 523(a)(2) is sufficiently serious that appellate review is appropriate.  Thus, regardless of which of the theoretically possible definitions of frivolity may apply under § 753(f), Ms. Price's appeal "is not frivolous."

                                    B

     The second required determination, that the appeal "presents a substantial question," poses more difficulty.  In considering whether an appeal presents a "substantial question," the trial judge may assess the nature of the appeal by taking into account the statement of issues and related material.  <u>Gonzales v. Riddle</u>, 2008 WL 4723779, at *1 (E.D. Cal. 2008).  There is a "substantial question" when the issue before the appellate court is reasonably debatable.  <u>Washburn v. Fagan</u>, 2007 WL 2043854, at *2 (N.D. Cal. 2007), <u>citing with approval</u>, <u>Ortiz v. Greyhound Corp.</u>, 192 F. Supp. 903, 905 (D. Md. 1959).

     The Statement of Issues included in the June 9 package articulates sixteen issues that are all factual questions that amount to reiterating Ms. Price's versions of the facts that were presented at trial.  In deciding the case, the trier of fact resolved competing versions of the facts and decided which testimony (of several witnesses) to believe and disbelieve.  It follows that the appellate issue is best described as an assertion that the totality of evidence did not establish the essential elements for excepting the debt from discharge under 11 U.S.C. § 523(a)(2) as attributable to fraud.

                                   14

1    As the court understands the appeal articulated in the

2  Statement of Issues (and recollects the trial), no specific legal

3  issue presented itself as to which reasonable minds could differ,

4  nor is there any contention that binding precedent was not

5  followed.  Rather, the appeal questions the findings of fact and

6  their application to the law and would merely entail Ms. Price

7  reiterating her version of the story in an effort to establish

8  that the findings of fact were clearly erroneous.  Accepting that

9  totality-of-the-evidence appeals sometimes present a "substantial

10  question," this was not, in the view of the trial judge, such a

11  case.  It follows that no "substantial question" is presented.

12    Accordingly, although the appeal is not frivolous, the court

13  determines that this appeal does <u>not</u> present a substantial

14  question within the meaning of the penultimate sentence of 28

15  U.S.C. § 753(f).

16

17                          CONCLUSION

18    For the foregoing reasons, Ms. Price's request for

19  transcript at public expense, which is construed as a Motion for

20  Certification Pursuant to 28 U.S.C. § 753(f), is DENIED.

21  Moreover, pursuant to 28 U.S.C. § 1915(a)(3), the trial court

22  does <u>not</u> certify that the appeal is "not taken in good faith."

23

24

25  August 10, 2009

26                          UNITED STATES BANKRUPTCY JUDGE

27

28                                15

1

**CERTIFICATE OF SERVICE**

2

3      On the date indicated below, I served a true and correct
copy(ies) of the attached document by placing said copy(ies) in a
postage paid envelope addressed to the person(s) hereinafter

4  listed and by depositing said envelope in the United States mail
or by placing said copy(ies) into an interoffice delivery

5  receptacle located in the Clerk's Office.

6

Charles Christopher Merrill

7  6745 Watt Ave #H-128
North Highlands, CA 95660

8

Linda Lavain Price

9  PO Box 660991
Sacramento, CA 95866

10

11  Dated: 8·10·09

12

13                                    _____
                                         DEPUTY CLERK

14                                        Jennifer Jahnsen

15

16

17

18

19

20

21

22

23

24

25

26

27

28